IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

OMG FIDELITY, INC.

                    Plaintiff,

                                        Civ. Action No.
                                        6:06-CV-1184 (DNH/DEP)

        vs.

SIRIUS TECHNOLOGIES, INC.

                    Defendants.

_____

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF:

JONES, DAY LAW FIRM             ROBERT P. DUCATMAN, ESQ.
North Point                     MEREDITH WILKES, ESQ.
901 Lakeside Avenue
Cleveland, OH 44114

BOND, SCHOENECK LAW FIRM        JONATHAN FELLOWS, ESQ.
One Lincoln Center
Syracuse, NY 13202-1355

FOR DEFENDANT:

KAYE, SCHOLER LAW FIRM          JOHN J.P. HOWLEY, ESQ.
425 Park Avenue
New York, NY 10022

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>DECISION AND ORDER</u>

Plaintiff OMG Fidelity, Inc. ("OMG"), asserting diversity of citizenship as a basis for this court's jurisdiction, has commenced suit against defendant Sirius Technologies, Inc. ("Sirius"), a competitor, asserting that with the aid of a former OMG employee, Sirius has taken advantage of plaintiff's trade secrets and confidential information for the purpose of wresting away from OMG one of its key customers.  Although not yet having moved for preliminary injunctive relief, plaintiff seeks the court's permission to engage in immediate pretrial discovery and an order shortening the prescribed time for the defendant to respond to its discovery requests.

Having considered the extensive written submissions of the parties and heard oral argument regarding plaintiff's application, I find no good reason to defer commencement of pretrial discovery in the case, and thus will grant plaintiff permission to proceed with its contemplated initial discovery efforts.  I am not convinced, however, of the need for such urgency as to justify shortening of defendant's prescribed time to answer plaintiff's discovery demands, and will therefore decline plaintiff's invitation to require defendant to expedite its responses to the proposed requests.

2

I.    BACKGROUND

OMG is a Delaware Corporation with its principal place of business in South Plainfield, New Jersey.  In its complaint, OMG proclaims itself as "a leading producer of electroless nickel applications, including . . . for use with memory disks."  Complaint (Dkt. No. 1) ¶ 6.  In conjunction with its production processes, OMG claims to own proprietary technology, including formulae, which it has developed at considerable effort and expense, and which it strives mightily to protect.

At the center of the present controversy, although not a named party to the action, is Alan Ruffini, a former employee who was involved in the development, production and sale of certain electroless nickel applications with respect to memory disk products for OMG and a predecessor, Auric Corporation.[1]  While at Auric, Ruffini, who possesses a Ph.D. degree in organic chemistry, was subject to an employment agreement which included restrictions concerning his use and dissemination of confidential information acquired during the course of his employment.

Ruffini resigned from OMG in 2001, and has since become affiliated with Sirius, a company founded by Matthew J. Sisti in 1991, and

---

[1]    OMG acquired Auric in 1998, and as a direct result of that acquisition Ruffini became an OMG employee.

headquartered in Oriskany, New York.[2]  Sirius is a direct competitor of

OMG and, like the plaintiff, is engaged in research and development in the

field of electroless nickel technology.

Another key participant in the present controversy, although also not

named as a party to the action, is Komag, Inc. ("Komag"), a corporation

headquartered in California and engaged in the manufacture of "thin-film"

disks for use in digital data storage on such items as personal computers,

personal stereo equipment, digital video recorders, game boxes and other

consumer electronic devices which require such storage capacity.  Komag

is a customer of OMG, purchasing from it electroless nickel plating

applications for its thin film memory disks.  According to OMG, it has been

Komag's exclusive source of electroless nickel and related technology

support since 1995.

OMG became aware of efforts by Komag, dating back to as early as

2003, to develop a second source for electroless nickel applications to be

utilized in its production of thin film memory disks.  In its complaint plaintiff

---

[2]        The precise nature of Ruffini's relationship with Sirius is neither known,
nor particularly relevant to the present inquiry.  In its complaint, OMG hypothesizes
that Ruffini has an ownership interest in Sirius, and additionally serves as the
company's chief executive officer.  *See* Complaint (Dkt. No. 1) ¶¶ 30-32.  In his
affidavit, the president and founder of Sirius characterizes Ruffini's position at the
company as one of "an Executive Officer."  Sisti Decl. (Dkt. No. 12) ¶ 6.

alleges that largely through the efforts of Dr. Ruffini, Sirius has agreed to sell Komag a formula for blending its own electroless nickel for use in the production of its memory disks, and to provide technical support and manufacturing know-how to assist Komag in performing its electroless nickel application. To further those efforts to blend its own electroless nickel application Komag has purchased and installed the necessary tanks at its manufacturing facility in Malaysia. Plaintiff maintains that the formula and knowledge disclosed by Sirius and Dr. Ruffini to Komag includes or is derived from confidential proprietary information of OMG to which Dr. Ruffini had access during the time of his tenure there.

II.   PROCEDURAL HISTORY

Plaintiff commenced this action on October 4, 2006. Dkt. No. 1. Plaintiff's complaint asserts various state law causes of action, including tortious interference with contract (Counts I and II); trade secret misappropriation (Count III); unfair competition (Count IV); and conversion (Count V). According to a return filed with the court, service was subsequently effectuated upon the defendant on October 4, 2006, through its vice president for finance, and additionally on October 5, 2006, through the New York Secretary of State. Dkt. No. 3. Defendant's time to answer

5

plaintiff's complaint has since been extended, on consent of the plaintiff, until November 23, 2006.  Dkt. No. 4.

On October 27, 2006, OMG moved seeking an order permitting expedited discovery in the case.  Dkt. No. 5.  Specifically, plaintiff's motion seeks leave to serve sets of five interrogatories and five document discovery requests, as well as to take the depositions of Komag and Sirius pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and of Dr. Ruffini.  Plaintiff's motion also proposes the entry of a stipulated, Rule 26(c) protective order to safeguard the confidentiality of materials exchanged during the course of discovery.  Dkt. No. 5.

OMG's motion is vigorously opposed by Sirius, which argues that plaintiff's efforts in filing this action and seeking expedited discovery represent nothing more than an attempt to gain information regarding defendant's proprietary information and its relationship with Komag. Defendant asserts that discovery should not be permitted in the case until the issuance of a ruling upon an anticipated dismissal motion, to be filed in response to the claims set forth in plaintiff's complaint.

III.    DISCUSSION

The object of plaintiff's motion is twofold; in it, OMG seeks both

permission to conduct discovery at this early stage in the litigation, and

before the parties have met for purposes of formulating a discovery plan,

and additionally the shortening of defendant's time to respond to the

contemplated discovery requests.  Both of these requests implicate

matters which are entrusted to the court's sound discretion.  Fed. R. Civ.

P. 26(d); *see KeyBank, Nat'l Assoc. v. Quality Payroll Sys., Inc.*, No. CV

06-3013, 2006 WL 1720461, at *3-*5 (E.D.N.Y. June 22, 2006); *Sica v.*

*Connecticut*, 331 F.Supp.2d 82, 87-89 (D. Conn. 2004).

Rule 26(f) of the Federal Rules of Civil Procedure, significantly re-

crafted as part of the 1993 amendments to the rules governing civil

practice in the federal courts and carried into the 2000 version of the rule,

with slight modification, requires parties to an action to confer at an early

stage in the litigation in order to discuss various subjects identified in the

rule including, importantly, discovery, and to develop a proposed

discovery plan for submission to the court.  Fed. R. Civ. P. 26(f); *see*

*Kampfer v. Pitcher*, No. 95-CV-214, 1996 WL 492702, at *1-*2 (N.D.N.Y.

Aug. 27, 1996) (Scullin, J.).  Since 2000 the rules have provided that "a

party may not seek discovery from any source before the parties have

conferred as required by Rule 26(f)."  Fed. R. Civ. P. 26(d); *see Mavrovich*

*v. Vanderpool*, 427 F.Supp.2d 1084, 1087 (D. Kan. 2006).

While Rule 26(f) does not state with precision when such a conference between the parties must occur, it does provide that it should take place "as soon as practicable" and sets, as an outer limit, "at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b)[.]"  Fed. R. Civ. P. 26(f).  Since the practice in this court is to schedule an initial Rule 16 pretrial conference in a case for approximately 120 days after commencement of suit, when parties defer their Rule 26(f) meeting until at or near that prescribed statutory deadline, there is very often inherent "dead time" during which the case does not materially progress, once issue has been joined, particularly when no dispositive motion is filed seeking dismissal of the plaintiff's complaint in lieu of answering.  In ruling upon plaintiff's motion I emphatically reject the notion that the court should countenance such a delay for the sole sake of delay.

Various courts having had occasion to address requests for permission to conduct expedited discovery have articulated two distinct, potentially applicable standards.  *Special Situations Cayman Fund, L.P. v. Dot Com Entertainment Group, Inc.*, No. 03-CV-0811, 2003 WL

8

23350128, at *1 n. 7 (W.D.N.Y. Dec. 5, 2003) (collecting cases);

*Entertainment Tech. Corp. v. Walt Disney Imagineering*, No. Civ. A. 03-

3546, 2003 WL 22519440, at *2-*4 (E.D. Pa. Oct. 2, 2003).  Under the

more stringent of those tests, whose origin is generally attributed to the

court's decision in *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982), in

order to qualify for expedited discovery, a plaintiff must make certain

threshold showings and establish, notably, some likelihood of success not

unlike the requirement for entitlement to a preliminary injunction.[3]  *Notaro*,

95 F.R.D. at 405*; see also Cecere*, 258 F. Supp.2d 184, 186 (E.D.N.Y.

2003).  The second, more relaxed standard is focused upon the

reasonableness of the proposed discovery requests; to succeed under

this test in obtaining leave to engage in expedited discovery a party

---

[3]     Under *Notaro*, to establish grounds for permitting expedited discovery a plaintiff must show

> (1)    irreparable injury,
>
> (2)    some probability of success on the merits,
>
> (3)    some connection between the expedited discovery and the avoidance of the irreparable injury, and
>
> (4)    some evidence that the injury that will result without expedited discovery looms greater than the injury the defendant will suffer if the expedited relief is granted.

*Notaro*, 95 F.R.D. at 405; *see KeyBank Nat'l Ass'n*, 2006 WL 1720461, at *4; *see also Irish Lesbian & Gay Org. v. Guiliani*, 918 F. Supp. 728, 730 (S.D.N.Y. 1996).

seeking discovery must establish to the court's satisfaction that the requests are "reasonable under the circumstances." *Better Packages, Inc. v. Zheng*, No. Civ. A. 05-4477, 2006 WL 1373055, at \*2 (D.N.J. May 17, 2006) (citing, *inter alia*, *Entertainment Tech. Corp.*, 2003 WL 22519440, at \*3); *Special Situations Cayman Fund, L.P.*, 2003 WL 23350128, at \*1.  In its opposition to plaintiff's motion for expedited discovery, Sirius urges application of the more demanding test under *Notaro.*

Undeniably, since its issuance in 1982 the court's decision in *Notaro,* which addressed the subject of expedited discovery in general, has greatly proliferated and literally taken on a life of its own, with many courts adhering to its dictates despite significant alteration of the discovery landscape in 2000.  *See*, *e.g.*, *Cecere*, 258 F.Supp.2d at 186. That case, however, addressed a very specific situation.  In a succinct, well-reasoned decision, in *Notaro* District Judge Edelstein denied a request by the plaintiffs to depose then-New York City Mayor Edward Koch within thirty days following the commencement of suit, a measure which, at the time, required court leave.[4]  *Notaro*, 95 F.R.D. at 404-05.

---

[4]       Under the pre-2000 discovery scheme, there was no requirement that commencement of discovery await a Rule 26(f) conference.  Fed. R. Civ. P. 26

The court's denial of that application was based upon its recognition that

the thirty-day delay interposed under the prior version of Rule 30(b)

> protects defendants from unwarily incriminating
> themselves before they have a chance to review
> the facts of the case and retain counsel.  This
> important protection maintains the fairness of civil
> litigation.  Courts should not grant leave without
> some showing of the necessity for expedited
> discovery.   The court must protect defendants
> from unfairly expedited discovery.

95 F.R.D. at 405 (internal citation omitted); *see Better Packages, Inc.*,

2006 WL 1373055, at *4 (discussing *Notaro* rationale).

Whatever vitality *Notaro* may retain in the wake of the 2000

amendments, its reasoning does not apply in this case.  More than thirty

days have elapsed since the plaintiff filed suit, and indeed – as evidenced

by the comprehensive submissions and briefing accompanying its

opposition to OMG's motion – defendant's retained attorneys have

conducted a thorough investigation and are fully conversant with plaintiff's

claims and Sirius' potential defenses to them.  Under these

---

advisory committee's notes.  Protections against unfairly aggressive, early discovery, however, were built into the rules elsewhere, including under Rule 30(a) of the Federal Rules of Civil Procedure which, at the time *Notaro* was decided, provided that leave of court was required "'to take a deposition prior to the expiration of 30 days after service of the summons and complaint upon any defendant,'" except in cases falling within certain specified categories not implicated in the instant case.  *See Notaro*, 95 F.R.D. at 404-05 (quoting former Rule 30).

circumstances, the consideration which gave rise to the court's decision in *Notaro* simply do not apply.  *Better Packages, Inc.*, 2006 WL 1373055, at *4; *Entertainment Tech. Corp.*, 2003 WL 22519440, at *4.

While finding that considerations forming the underpinnings of *Notaro* do not apply in this case, the circumstances now presented do give reason for pause.  In responding to plaintiff's motion Sirius, whose time to answer has not yet passed, has announced its intention to file a motion under Rule 12(b) of the Federal Rules of Civil Procedure, in lieu of answering.  The prospect of such a motion is obviously a factor which should be considered by the court in deciding whether to permit discovery in this case to go forward at this procedural juncture.

Courts confronted with requests for orders, principally under Rule 26(c) of the Federal Rules of Civil Procedure, prohibiting a plaintiff from engaging in discovery pending resolution of a dismissal motion generally apply an analysis with is distinctly different from the stringent test advocated by the defendant for evaluating plaintiff's motion for expedited discovery.  When exercising the discretion conferred under Rule 26(c), in response to a motion to stay discovery during the pendency of a dismissal motion, a court must determine whether the party seeking the stay has

12

established the existence of "good cause" for the requested delay.[5]  Fed. R. Civ. P. 26(c); *Chesney v. Valley Stream Union Free Sch. Dist.*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006); *Spencer Trask Software & Information Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).  The mere filing of a dismissal motion, without more, does not guaranty entitlement to such a stay.  *Id.*; *see Moran v. Flaherty*, No. 92 Civ. 3200, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992) ("[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed.").

Among the factors which inform the analysis of whether to grant a

---

[5]     Rule 26(c) provides, in pertinent part, that

> [u]pon motion by a party . . . from whom discovery is sought . . . for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> *       *       *
>
> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time of place[.]

Fed. R. Civ. P. 26(c).

13

stay of discovery, in the face of a dispositive motion, are the burden of responding to the contemplated discovery, and the strength of the dispositive motion forming the basis for the stay request. *Chesney*, 236 F.R.D. at 115*; Spencer Trask Software & Information Servs., LLC*, 206 F.R.D. at 368. The court must also consider any unfair prejudice which may be suffered by the party seeking to engage in discovery during the pendency of the dismissal motion. *Chesney*, 236 F.R.D. at 115.

I have reviewed plaintiff's complaint for facial sufficiency. In it, plaintiff raises various claims against Sirius arising out of its alleged efforts to usurp OMG's favorable position with Komag, utilizing trade secret information garnered from ex-OMG employee Ruffini, including tortious inference with contract, trade secret misappropriation, unfair competition, and conversion. While the court does not yet have the benefit of the arguments which will be advanced by Sirius in support of its contemplated motion, I am somewhat skeptical that it will be able to convince the court at this pre-answer stage that OMG will be unable to prove any set of facts which would entitle it to recovery under one or more of the theories alleged in its complaint.

I have also reviewed the proposed interrogatories and document

demands which OMG seeks permission to serve and find that, with one exception, those discovery requests are exceedingly pointed and, based upon the parties' submissions, I conclude that the burden of responding to them would not be particularly onerous.[6]  And, while defendant has voiced concern over the possibility that the discovery taken at this stage in the proceedings, particularly the contemplated depositions, will have to be replicated once Sirius has answered and, potentially, counterclaimed, this concern has been mitigated in light of plaintiff's assurance that it will not seek to duplicate any already-conducted discovery.

In the end, the question of whether discovery should go forward at this point comes down to a comparison of the potential prejudice which will be suffered by the defendant if discovery is permitted, and that which will be experienced by the plaintiff if denied the opportunity for discovery at this stage.  Based upon my assessment as to the likelihood of defendant's total success on a motion to dismiss, it appears that the discovery now sought will likely take place at some juncture and, consequently, the

---

[6]     One of plaintiff's proposed document demands seeks production of "[a]ll contacts with Komag".  While this request is patently expansive, and potentially implicates hundreds if not thousands of records and documents covering the spectrum of the relationship between the two companies, OMG's attorneys have indicated a willingness to limit this inquiry to those contacts which directly involved the electroless nickel technology and products at issue.

considerations noted by Sirius, to the effect that OMG is merely attempting to interfere with its relationship with Komag and to gain intelligence regarding its technology and processes, is less of a factor of concern since the discovery sought will in all likelihood occur eventually. On the other hand, particularly given that plaintiff contemplates a motion for a preliminary injunction, depending upon the results of its proposed discovery efforts, it is clear that plaintiff will potentially be unfairly prejudiced should I not permit discovery to go forward since it will not have an early opportunity to develop evidence for use in support of such a motion.  Having weighed the matter carefully, in light of the various arguments raised by the parties, I find no reason to delay commencement of pretrial discovery, and will therefore grant plaintiff's request for permission to proceed with discovery.

As was noted earlier, as a second element of its motion plaintiff seeks to shorten the defendant's discovery response time otherwise applicable under the Federal Rules of Civil Procedure.  While I am satisfied that plaintiff has established a basis to permit it to now proceed with discovery, I am not convinced that there is a need to truncate the prescribed period for Sirius to respond to plaintiff's discovery demands,

particularly given that the burden which Sirius asserts will be incurred in responding to the requests given its relatively small size and the fact that employees who will be assisting in responding are required to travel frequently between the United States and Malaysia.

Under these circumstances, I will permit immediate service of the proffered discovery requests, but will order only that they be answered by Sirius within the time frames prescribed under Rules 33 and 34 of the Federal Rules of Civil Procedure.  Additionally, the parties will be directed to confer and schedule the requested depositions of Sirius and Komag, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and of Dr. Ruffini, on the earliest, mutually convenient dates.  These requirements will be conditioned upon the entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure protecting the integrity of confidential information exchanged between the partes during the course of discovery.[7]

IV.   <u>SUMMARY AND ORDER</u>

---

[7]      During oral argument, counsel for Sirius represented that defendant has no objection to the proposed, stipulated protective order drafted by plaintiff's counsel and included within its motion papers.

It has been said that justice delayed is justice denied.[8]  And, as I have already noted, the interjection of delay into litigation for the mere sake of delay serves no useful purpose.  Consequently, I have reviewed plaintiff's request for expedited discovery, and defendant's opposition to that request, to determine whether there is any compelling reason to preclude plaintiff from engaging in legitimate pretrial discovery at this stage in the action, particularly in light of the fact that Sirius has retained counsel and had a fair opportunity to begin preparing a defense to plaintiff's claims.  Having found none, notwithstanding the anticipated filing by Sirius of a dispositive motion, and concluding that plaintiff would be unfairly prejudiced were it not now permitted to go forward and conduct discovery, including with an eye toward developing information to support a contemplated motion for a preliminary injunction, is therefore hereby

ORDERED as follows:

1)      Plaintiff's request for permission to engage in discovery, notwithstanding the fact that the parties have not yet met and conferred under Rule 26(f) of the Federal Rules of Civil Procedure, is GRANTED.

---

[8]      This quote has been attributed to William Gladstone, a British politician who lived in the nineteenth century.

2)     Plaintiff may immediately serve the discovery requests associated with its motion, subject to the promised narrowing of request for production no. 1, forthwith.  Thereafter, conditioned upon the entry of an appropriate protective order under Rule 26(c) of the Federal Rules of Civil Procedure, defendant shall properly respond to plaintiff's discovery requests within the period prescribed under the Federal Rules of Civil Procedure unless otherwise agreed between the parties by stipulation entered into under Rule 29 of the Federal Rules of Civil Procedure, or otherwise ordered by the court.

3)     The parties are directed to meet and confer, for the purpose of addressing the matters set forth in Rule 26(f) of the Federal Rules of Civil Procedure, within fourteen days of the date of this order.

4)     The Rule 16 conference previously scheduled to be held in connection with this action on March 1, 2007 will instead be conducted on December 7, 2006 in person, at the United States Courthouse, 100 S. Clinton St., Syracuse, NY on December 7, 2006 at 12:00 noon.  On or before December 1, 2006 the parties shall jointly file with the court a civil case management plan, in the form of that prescribed in General Order No. 25 of this court, to include the discovery plan developed by the parties

19

during their Rule 26(f) meeting.

       5)     No costs or attorneys' fees are awarded to either party in

connection with plaintiff's motion for expedited discovery.


Dated:      November 16, 2006
              Syracuse, NY

David E. Peebles
U.S. Magistrate Judge


G:\Civil\2006\06-CV-1184\order.wpd

20